UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SASWOT DHAKAL**, <br>                    Plaintiff, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION**, *et al.*, <br><br>                    Defendants. | Case No. 1:24-cv-02056-TNM |

## MEMORANDUM OPINION

Saswot Dhakal alleges that the Federal Bureau of Investigation has been stalking, harassing, and intimidating him for nearly a decade. Compl., ECF No. 1; Pl. Opp. Mot. Dismiss, ECF No. 22. His examples range from "cracking [the] windshield of [his] car and growing it every time [he] was having a bad day" to accusing "agents" of "flourish[ing]" a "situation" that "led to his [stepfather's] untimely death" by heart attack. Compl., ECF No. 1-1. He also alleges that the FBI has sent officers to his job, stationed detectives at job interviews, and stalked his online activities. *Id.* at 2. Dhakal requests just over $500 billion in compensation because he alleges the FBI's campaign against him has ruined his health, finances, family, and career prospects. *Id.* at 5; Pl Mot. Injunction, ECF No. 24 at 2. He also has asked for an emergency injunction to require the FBI to pay him $500,000 while the case is pending. Pl. Mot. Injunction, ECF No. 24. Dhakal acknowledges that he is making an "unusual and justified" request. *Id.* at 1. The Government, meanwhile, moves for dismissal. Mot. to Dismiss, ECF No. 20. These motions are ripe for consideration.

"A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A

complaint that lacks "an arguable basis either in law or in fact" is not plausible. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts cannot exercise subject matter jurisdiction over such a complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (cleaned up). So a court must dismiss a complaint "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Notwithstanding the generous standards afforded pro se plaintiffs, *see Yellen v. U.S. Bank, Nat'l Assn.,* 301 F. Supp. 3d 43, 46-47 (D.D.C. 2018), Dhakal's Complaint fails to justify Article III jurisdiction. The D.C. Circuit approved dismissing a complaint on jurisdictional grounds when it similarly alleged that the Government had launched a "massive surveillance program" over the plaintiff, including using "tracking devices" on his car. *See Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009). That court also approved of dismissing a complaint for lack of jurisdiction when it alleged government harassment "from uncertain origins" that may have included a "long past employment by the FBI." *Id.* So too here. The Complaint will be dismissed without prejudice.[1]

A separate Order will issue.

_____

TREVOR N. McFADDEN
United States District Judge

DATE: February 28, 2025

---

[1] Granting the Motion to Dismiss renders Dhakal's Emergency Motion for Injunction moot.